IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CONNIE HOWARD, YADIRA          )
YAZMIN HERNANDEZ, and          )
DEBORAH REYNOLDS, on behalf    )
of themselves and all others   )
similarly situated,            )
                               )
          Plaintiffs,          )      1:23-cv-758
                               )
     v.                        )
                               )
LABORATORY CORPORATION OF      )
AMERICA, and LABORATORY        )
CORPORATION OF AMERICA         )
HOLDINGS,                      )
                               )
          Defendants.          )
```

## ORDER

This matter is before this court for review of the Order and Recommendation ("Recommendation") filed on August 8, 2024, by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 106.) In the Recommendation, the Magistrate Judge recommends that Defendants' Motion to Dismiss be denied and Defendants' Motion for Judicial Notice be denied. (Id. at 24.) The Recommendation was served on the Parties on August 8, 2024. (Doc. 107.) Defendants timely filed objections to the Recommendation, (Doc. 108), and Plaintiffs responded, (Doc. 110).

This court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified

proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the [M]agistrate [J]udge . . . or recommit the matter to the [M]agistrate [J]udge with instructions." Id.

Defendant's objections are premised upon an argument that the Magistrate Judge erred "by importing allegations that Plaintiffs twice declined to include." (Doc. 108 at 2.) Defendants argue the allegations that Plaintiffs "conduct[ed] searches on the website regarding a variety of sensitive medical issues," (see Doc. 67 ¶¶ 83, 89, 95), are not sufficient to allege "their" personal medical conditions as required to state a privacy invasion claim. (See Doc. 108 at 1-3.)

The amended complaint alleges that Labcorp's website "permits individuals to access their medical testing results, book medical testing appointments, request medical testing supplies, and pay for Labcorp services they have received." (Doc. 67 ¶ 54.) "Individuals can also use the Labcorp website's search bar to look for medical information, including information concerning specific medical tests." (Id. ¶ 55.) Plaintiff alleges that Labcorp embedded tracker code on their website and transmitted information that "included the identities of individuals visiting the website, health-related

- 2 -

information and inquiries (including searches made on the website), and webpages visited as a result of those inquiries." (Id. ¶¶ 56.) "Labcorp's implementation of and configuration of these Third-party Trackers' code on its website permitted the Third Party-Trackers to intercept and use Plaintiffs' . . . data, including identifiable and sensitive health information." (Id. ¶ 58.)

As found by the Magistrate Judge, statutory violations of CIPA and WESCA must be premised upon an unconsented-to invasion of privacy and disclosure of private information. (Doc. 106 at 13.) The Magistrate Judge "read[] the Complaint as alleging that the three named Plaintiffs each conducted searches on the Labcorp website regarding their own sensitive medical issues, and that as a result of Defendants' deliberate choice to install certain code on the Labcorp website, this sensitive medical information was then intercepted and linked with their personal identifying information and transmitted to Meta and Google." (Id. at 13-14.) Defendants argue that Plaintiffs have failed to allege facts sufficient to plausibly allege that the sensitive medical information related to their own medical or health conditions, or that they were Labcorp patients. (Doc. 108 at 6-7.)

The allegations as to the three Plaintiffs are similar: "[they] conduct[ed] searches on the [Labcorp] website regarding a variety of sensitive medical issues," (Doc. 67 ¶¶ 83, 89, 95), and the Defendants "obtained [their] identifying information and the searches [they] conducted on the Labcorp website," (Id. ¶¶ 86, 92, 98), and they "intercepted [their] private information . . . [and] collect[ed] private information from users . . .," (Id. ¶¶ 87, 93, 99).

The allegation that the information involved "sensitive medical issues" could be construed as a factual allegation or a legal conclusion. Relatedly, as Defendant argues, the information could be construed as giving rise to a reasonable inference that the information was not Plaintiff's own sensitive medical information; but it could also be construed as giving rise to a reasonable inference that it was Plaintiff's own sensitive medical information.

This issue arises under Defendant's facial challenge to Plaintiff's standing and, relatedly, this court's jurisdiction. As the Magistrate Judge explains, in a facial challenge to jurisdiction "'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction,' . . . and that the district court should 'construe all reasonable

- 4 -

inferences in the manner most favorable to the plaintiff.'" (Doc. 106 at 6 (internal citations omitted).) Some courts, like this court, seem to have provided some latitude in determining the sufficiency of pleading private information. See, e.g., Doe v. Regents of Univ. of Cal., 672 F. Supp. 3d 813, 819 (N.D. Cal. 2023) ("At the motion to dismiss stage, it is not necessary for Plaintiff to provide more specific medical details."); Kane v. Univ. of Rochester, No. 23-CV-6027, 2024 WL 1178340, at *7 (W.D.N.Y. Mar. 19, 2024) (slip copy). Other courts have required some specificity. See, e.g., Doe I v. Google LLC, No. 23-CV-02431, 2024 WL 3490744, at *3 (N.D. Cal. July 22, 2024) ("[P]laintiffs' failure to use precise language when describing the type of information that is allegedly transmitted . . . makes it unclear what are true factual allegations and what is just speculation."); Nienaber v. Overlake Hosp. Med. Ctr., No. 2:23-CV-01159, 2024 WL 2133709 (W.D. Wash. May 13, 2024).

 This court, in deference to the requirement that all reasonable inferences be drawn in favor of the Plaintiffs, construes the challenged allegations as factual allegations and further finds the allegations support a reasonable inference that the sensitive medical issues and related private information were Plaintiffs' own personal information and not

that of another person. This court, therefore, agrees with the analysis of the Magistrate Judge.

Whether or not it was private information, and whether or not it was Plaintiffs' personal information, are matters that may be more fully addressed following discovery. Objections to this court's subject-matter jurisdiction may be raised at any time, see Wilkins v. United States, 598 U.S. 152, 157 (2023), and the motion to dismiss will be denied without prejudice.

Although the motion to dismiss is denied, Plaintiffs are forewarned that these vague pleadings cause this court substantial concern with Plaintiffs' class allegations. It is one thing to draw a reasonable inference in favor of a named Plaintiff and something else entirely to determine whether Plaintiffs' claims are typical of the claims of any putative class members, whether Plaintiffs will fairly and adequately represent and protect the interests of the classes, and whether anyone who entered a search term into Labcorp's website should be a member of the class. These issues have not yet been briefed and this court has not yet reached a conclusion, but all parties are hereby placed on notice of this court's concerns.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc. 106), is **ADOPTED**. **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, (Doc. 78), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Judicial Notice, (Doc. 75), is **DENIED**.

This the 27th day of September, 2024.

_____
United States District Judge

- 7 -

Case 1:23-cv-00758-WO-JEP   Document 114   Filed 09/27/24   Page 7 of 7