| | |
|---|---|
| CONNIE HOWARD, YADIRA YAZMIN HERNANDEZ, and DEBORAH REYNOLDS, on behalf of themselves and all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendants. | Case No. 1:23-cv-758-WO-JEP<br><br>**DEFENDANTS' ANSWER TO AMENDED CLASS ACTION COMPLAINT** |

Defendant Laboratory Corporation of America and Defendant Laboratory Corporation of America Holdings (collectively, "Labcorp") hereby answer the Amended Class Action Complaint ("Amended Complaint") as follows:

## FIRST DEFENSE

The Amended Complaint violates Fed. R. Civ. P. 10(b) in that its paragraphs are not limited to a statement of a single set of circumstances. Rather, the paragraphs contain lengthy narrations of numerous alleged facts and various alleged circumstances, making it extremely difficult, if not impossible, to precisely respond to each paragraph.

## SECOND DEFENSE

The Amended Complaint violates Fed. R. Civ. P. 8(a) in that it seeks to present argument and legal conclusions to which no response is required. Labcorp states that all

purported statements and conclusions of purported law are denied for the purposes of this Answer and legal arguments and discussions of legal authority are expressly reserved for future motions and arguments.

**<u>THIRD DEFENSE</u>**

Responding specifically to the numbered paragraphs of the Amended Complaint, Labcorp states as follows:[1]

1.      It is admitted that Plaintiff Connie Howard ("Ms. Howard"), Plaintiff Yadira Yazmin Hernandez ("Ms. Hernandez"), and Plaintiff Deborah Reynolds ("Ms. Reynolds") (collectively, "Plaintiffs") filed this lawsuit against Defendants; that Ms. Howard and Ms. Hernandez purport to allege a violation of Cal. Penal Code § 631; and that Ms. Reynolds purports to allege a violation of 18 Pa. Cons. Stat. § 5703; however, Labcorp denies such allegations and denies that either Ms. Howard, Ms. Hernandez, or Ms. Reynolds have any valid claims or are entitled to any damages or other relief.  The reference to "class action" is a legal argument and/or purported conclusion of law which requires no response; however, to the extent a response is required, Labcorp denies the allegation.  Except as expressly admitted herein, Paragraph 1 is denied.

---

[1] The section headings in the Amended Complaint contain characterizations that require no response; to the extent a response is required, such characterizations are denied.  Moreover, to the extent any allegation includes undefined terms subject to multiple potential interpretations, such allegation is denied.  Furthermore, where Labcorp states that it lacks knowledge or information sufficient to form a belief about the truth of certain allegations, Labcorp reserves the right to argue that the allegation is true or false based on the evidence.  Also, to the extent the Amended Complaint attempts to characterize the content of documents, such documents speak for themselves, and such allegations are denied.

2.    Paragraph 2 contains Plaintiffs' characterization of this action, legal conclusions, and hypothetical visits to a website by hypothetical "people," which require no response. To the extent a response is required, Labcorp denies Paragraph 2.

3.    Paragraph 3 contains Plaintiffs' characterization of this action, legal conclusions, and hypothetical visits to a website by hypothetical "persons," which require no response. To the extent a response is required, Labcorp denies Paragraph 3.

4.    Paragraph 4 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterization of this action, which requires no response. To the extent a response is required, Paragraph 4 is denied.

5.    Paragraph 5 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterization of this action, which requires no response. To the extent a response is required, Paragraph 5 is denied.

6.    It is admitted that Ms. Howard and Ms. Hernandez purport to bring a claim under Cal. Penal Code § 631 and that Ms. Reynolds purports to bring a claim under 18 Pa. Cons. Stat. § 5702; however, Labcorp denies such allegations and denies that either Ms. Howard, Ms. Hernandez, or Ms. Reynolds have any valid claims or are entitled to any damages or other relief under those statutes. The references to the "Classes" and "proposed California and Pennsylvania Classes" are legal argument and/or purported conclusions of law, which require no response; however, to the extent a response is required, Labcorp denies them. Except as expressly admitted herein, Paragraph 6 is denied.

- 3 -

7. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 and accordingly denies them.

8. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 8 and accordingly denies them.

9. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 and accordingly denies them.

10. Laboratory Corporation of America is incorporated under the laws of Delaware, its headquarters are in Burlington, North Carolina, and it maintains its principal office at 358 South Main Street, Burlington, North Carolina 27215. Except as expressly admitted herein, Paragraph 10 is denied.

11. Laboratory Corporation of America Holdings is incorporated under the laws of Delaware, its headquarters are in Burlington, North Carolina, and it maintains its principal office at 531 South Spring Street, Burlington, North Carolina 27215. Except as expressly admitted herein, Paragraph 11 is denied.

12. Labcorp is headquartered and maintains a principal place of business in Burlington, North Carolina. The remaining allegations of Paragraph 12 constitute legal argument and/or purported conclusions of law, which require no response. Notwithstanding, Labcorp does not contest personal jurisdiction in this case. Except as expressly admitted herein, Paragraph 12 is denied.

13. No response is required as to Plaintiffs' legal argument and/or purported conclusions of law on "personal jurisdiction"; however, Labcorp states that it does not

- 4 -

contest personal jurisdiction in this case. Otherwise, the allegations of Paragraph 13 are denied.

14. No response is required as to Plaintiffs' legal argument and/or purported conclusions of law related to "subject matter jurisdiction"; however, Labcorp states that it does not contest the requirements of 28 U.S.C. § 1332 in this case. Otherwise, the allegations of Paragraph 14 are denied.

15. Paragraph 15 constitutes legal argument and/or purported conclusions of law to which no response is required. Notwithstanding, Labcorp states that it does not contest venue in this case.

16. Paragraph 16 constitutes legal argument and/or purported conclusions of law to which no response is required. To the extent a response is required, Paragraph 16 is denied.

17. Paragraph 17 constitutes legal argument and/or purported conclusions of law to which no response is required. To the extent there are any allegations to which a response is required, Labcorp denies them.

18. Paragraph 18 constitutes legal argument and/or purported conclusions of law to which no response is required. To the extent there are any allegations to which a response is required, Labcorp denies them.

19. Paragraph 19 constitutes legal argument and/or purported conclusions of law to which no response is required. To the extent there are any allegations to which a response is required, Labcorp denies them.

20.     Paragraph 20 constitutes legal argument and/or purported conclusions of law to which no response is required.  To the extent there are any allegations to which a response is required, Labcorp denies them.

21.     The first sentence of Paragraph 21 (as well as the purported articles referenced in footnotes 1-3, which were not attached to the Amended Complaint) contains Plaintiffs' characterizations of unidentified "Third Part[ies]," which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and accordingly denies them.  As to the remaining sentences, it is admitted that, at differing times, parts of www.labcorp.com utilized certain website technologies.  Except as expressly admitted herein, Paragraph 21 is denied.

22.     Paragraph 22 contains Plaintiffs' characterizations of third-party Meta Platforms, Inc. ("Meta")'s business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 (as well as the purported articles referenced in footnotes 4-6, which were not attached to the Amended Complaint) and accordingly denies them.

23.     Paragraph 23 contains Plaintiffs' characterizations of third-party Meta's business, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the

- 6 -

allegations of Paragraph 23 (as well as the purported articles referenced in footnotes 7-10, which were not attached to the Amended Complaint) and accordingly denies them.

24. Paragraph 24 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 24 and accordingly denies them.

25. Paragraph 25 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 (as well as the purported article referenced in footnote 11, which was not attached to the Amended Complaint) and accordingly denies them.

26. Paragraph 26 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 (as well as the purported articles referenced in footnote 12, which were not attached to the Amended Complaint) and accordingly denies them.

27. Paragraph 27 contains Plaintiffs' characterizations of third-party Meta's business and activities and Plaintiffs' characterizations of an unidentified "network traffic" screenshot of unknown origin, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 27 (as well as the purported articles referenced in

footnotes 13-14, which were not attached to the Amended Complaint, and the unidentified "network traffic" screenshot of unknown origin) and accordingly denies them.

28. Paragraph 28 contains Plaintiffs' characterizations of third-party Meta's business and activities and hypothetical interactions with a "host website," which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 28 (as well as the purported article referenced in footnote 15, which was not attached to the Amended Complaint) and accordingly denies them.

29. Paragraph 29 contains Plaintiffs' characterizations of third-party Meta's business and activities and hypothetical "Facebook account-holders," which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 29 (as well as the purported article referenced in footnote 16, which was not attached to the Amended Complaint) and accordingly denies them.

30. Paragraph 30 contains Plaintiffs' characterizations of third-party Meta's business and activities and hypothetical "Facebook account-holder," which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 and accordingly denies them.

31. Paragraph 31 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required,

- 8 -

Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 (as well as the purported article referenced in footnote 17, which was not attached to the Amended Complaint) and accordingly denies them.

32.     Paragraph 32 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 32 and accordingly denies them.

33.     Paragraph 33 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 33 (as well as the purported article referenced in footnote 18, which was not attached to the Amended Complaint) and accordingly denies them.

34.     Paragraph 34 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 34 and accordingly denies them.

35.     Paragraph 35 contains Plaintiffs' characterizations of third-party Meta's business and activities and unknown "Advertisers," which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 35 (as well as the purported

article referenced in footnote 19, which was not attached to the Amended Complaint) and accordingly denies them.

36. Paragraph 36 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 36 (as well as the purported articles referenced in footnotes 20-21, which were not attached to the Amended Complaint) and accordingly denies them.

37. Paragraph 37 contains Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 37 (as well as the purported article referenced in footnote 22, which was not attached to the Amended Complaint) and accordingly denies them.

38. Paragraph 38 contains Plaintiffs' characterizations of third-party Alphabet Inc. ("Alphabet")/Google LLC ("Google")'s business, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 38 and accordingly denies them.

39. Paragraph 39 contains Plaintiffs' characterizations of third-party Alphabet/Google's business, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 39 and accordingly denies them.

40. Paragraph 40 contains Plaintiffs' characterizations of third-party Alphabet/Google's business, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 40 and accordingly denies them.

41. Paragraph 41 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 41 and accordingly denies them.

42. It is admitted that Labcorp has a website located at https://www.labcorp.com. Plaintiffs' characterizations in Paragraph 42 about third-party Alphabet/Google's business and activities require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to their truth or falsity and accordingly denies them. Except as expressly admitted herein, Paragraph 42 is denied.

43. Paragraph 43 contains Plaintiffs' characterizations of third-party Alphabet/Google's business as well as legal argument and/or purported conclusions of law, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 43 and accordingly denies them.

44. Paragraph 44 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as

- 11 -

to the truth or falsity of the allegations of Paragraph 44 (as well as the purported article referenced in footnotes 23-24, which was not attached to the Amended Complaint) and accordingly denies them.

45. Paragraph 45 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities and Plaintiffs' characterizations of how that business compares to third-party Meta's business, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 45 and accordingly denies them.

46. Paragraph 46 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 46 (as well as the purported article referenced in footnote 25, which was not attached to the Amended Complaint, and the unidentified image on page 15 of the Amended Complaint) and accordingly denies them.

47. Paragraph 47 contains Plaintiffs' characterizations and/or interpretations of a visual representation at Paragraph 74 (which appears to be an unidentified screenshot of unknown origin regarding a hypothetical "user" of a website at an undisclosed time) and Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of

- 12 -

Paragraph 47 (or the referenced visual representation at Paragraph 74) and accordingly denies them.

48. Paragraph 48 contains Plaintiffs' characterizations and/or interpretations of an unidentified screenshot taken from what appears to be from an unknown website at an unidentified time. Accordingly, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 48 and accordingly denies them.

49. Paragraph 49 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and Plaintiffs' characterizations of how that business compares to third-party Meta's business, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 49 and accordingly denies them.

50. Paragraph 50 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 50 and accordingly denies them.

51. Paragraph 51 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 51 and accordingly denies them.

52. Paragraph 52 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 52 and accordingly denies them.

53. Paragraph 53 contains Plaintiffs' characterizations of third-party Alphabet/Google's business and Plaintiffs' characterizations of how that business compares to third-party Meta's business as well as legal argument and/or purported conclusions of law, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 53 and accordingly denies them. To the extent Paragraph 53 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

54. Labcorp has a website located at https://www.labcorp.com (the "Website"), and in some cases, the Website can be used to schedule an appointment for certain services. Except as expressly admitted herein, Paragraph 54 is denied.

55. The Website provides access to information regarding, *inter alia*, services offered by Labcorp, and visitors to the Website can review this information. Except as expressly admitted herein, Paragraph 55 is denied.

56. At differing times, parts of www.labcorp.com utilized certain website technologies. Except as expressly admitted herein, Paragraph 56 is denied.

- 14 -

57.     As to allegations in Paragraph 57 about the "intent[]" of "third parties, including Facebook and Google," Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of these allegations and accordingly denies them. Labcorp denies all other allegations.

58.     At differing times, parts of www.labcorp.com utilized certain website technologies.  Except as expressly admitted herein, Paragraph 58 is denied.

59.     Paragraph 59 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 59 and accordingly denies them. Labcorp further states that, to the extent Paragraph 59 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

60.     Paragraph 60 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 60 and accordingly denies them.

- 15 -

Labcorp further states that, to the extent Paragraph 60 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

61.     Paragraph 61 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 61 and accordingly denies them. Labcorp further states that, to the extent Paragraph 61 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

62.     Paragraph 62 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Meta's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 62 and accordingly denies them. Labcorp further states that, to the extent Paragraph 62 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

63.     Paragraph 63 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations

- 16 -

of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 63 and accordingly denies them. Labcorp further states that, to the extent Paragraph 63 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

64. Paragraph 64 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.,* not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Meta's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 64 and accordingly denies them. Labcorp further states that, to the extent Paragraph 64 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

65. Paragraph 65 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 65 and accordingly denies them. Labcorp further states that, to the extent Paragraph 65 is intending to imply

- 17 -

or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

66. Paragraph 66 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 66 and accordingly denies them. Labcorp further states that, to the extent Paragraph 66 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

67. Paragraph 67 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 67 and accordingly denies them. Labcorp further states that, to the extent Paragraph 67 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

68. Paragraph 68 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 68 and accordingly denies them. Labcorp further states that, to the extent Paragraph 68 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

69. Paragraph 69 contains Plaintiffs' characterizations and/or interpretations of a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 69 and accordingly denies them. Labcorp further states that, to the extent Paragraph 69 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

70. Paragraph 70 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To

- 19 -

the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 70 and accordingly denies them. Labcorp further states that, to the extent Paragraph 70 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

71. Paragraph 71 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 71 and accordingly denies them. Labcorp further states that, to the extent Paragraph 71 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

72. Paragraph 72 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response. To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 72 and accordingly denies them. Labcorp further states that, to the extent Paragraph 72 is intending to imply

- 20 -

or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

73.     Paragraph 73 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 73 and accordingly denies them.  Labcorp further states that, to the extent Paragraph 73 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

74.     Paragraph 74 contains Plaintiffs' characterizations and/or interpretations of unidentified screenshot(s) of unknown origin regarding a hypothetical "user" of a website (*i.e.*, not any one of the Plaintiffs) at an undisclosed time and Plaintiffs' characterizations of third-party Google/Alphabet's business and activities, which require no response.  To the extent a response is required, Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 74 and accordingly denies them.  Labcorp further states that, to the extent Paragraph 74 is intending to imply or claim that Labcorp did anything unlawful or improper, such implications and claims are denied.

75. At differing times, parts of www.labcorp.com utilized certain website technologies. Except as expressly admitted herein, Paragraph 75 is denied.

76. Paragraph 76 is denied.

77. Paragraph 77 is denied.

78. No response is required as to the legal arguments and/or purported conclusions of law concerning the "statutes of limitation"; however, if any response is required, then they are denied. All factual allegations in Paragraph 78 are denied.

79. Paragraph 79 is denied.

80. Paragraph 80 is denied.

81. No response is required as to the legal arguments and/or purported conclusions of law concerning any legal "duty" owed; however, if any response is required, then they are denied. All factual allegations in Paragraph 81 are denied.

82. No response is required as to the legal arguments and/or purported conclusions of law concerning whether the "statutes of limitation" have been "tolled by operation of the discovery rule"; however, if any response is required, then they are denied. All factual allegations in Paragraph 82 are denied.

83. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 83 and accordingly denies them.

84. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 84 and accordingly denies them.

85. Labcorp lacks knowledge or information sufficient to form a belief as to the

- 22 -

truth or falsity of the allegations of Paragraph 85 and accordingly denies them.

86. Paragraph 86 contains Ms. Howard's characterizations of "third parties" and their conduct and practices, along with the conduct and practices of Ms. Howard's own browser, as well as legal argument and/or purported conclusions of law, which require no response. To the extent a response is required, the allegations are denied. All other allegations are denied.

87. Paragraph 87 contains Ms. Howard's characterizations of "third parties" and their conduct and practices, along with the conduct and practices of Ms. Howard's own browser, as well as legal argument and/or purported conclusions of law, which require no response. To the extent a response is required, the allegations are denied. All other allegations are denied.

88. Paragraph 88 is denied.

89. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 89 and accordingly denies them.

90. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 90 and accordingly denies them.

91. Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 91 and accordingly denies them.

92. Paragraph 92 contains Ms. Hernandez's characterizations of "third parties" and their conduct and practices, along with the conduct and practices of Ms. Hernandez's own browser, as well as legal argument and/or purported conclusions of law, which require

no response.  To the extent a response is required, the allegations are denied.  All other allegations are denied.

93.  Paragraph 93 contains Ms. Hernandez's characterizations of "third parties" and their conduct and practices, along with the conduct and practices of Ms. Hernandez's own browser, as well as legal argument and/or purported conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.  All other allegations are denied.

94.  Paragraph 94 is denied.

95.  Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 95 and accordingly denies them.

96.  Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 96 and accordingly denies them.

97.  Labcorp lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 97 and accordingly denies them.

98.  Paragraph 98 contains Ms. Reynolds' characterizations of "third parties" and their conduct and practices, along with the conduct and practices of Ms. Reynolds' own browser, as well as legal argument and/or purported conclusions of law, which require no response.  To the extent a response is required, the allegations are denied.  All other allegations are denied.

99.  Paragraph 99 contains Ms. Reynolds' characterizations of "third parties" and their conduct and practices, along with the conduct and practices of Ms. Reynolds' own

browser, as well as legal argument and/or purported conclusions of law, which require no response. To the extent a response is required, the allegations are denied. All other allegations are denied.

100. Paragraph 100 is denied.

101. It is admitted that Plaintiffs purport to bring this action individually and on behalf of putative classes. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 101 is denied.

102. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 102 is denied.

103. It is denied that Plaintiffs' claims can properly be maintained as a class action and that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 103 is denied.

104. It is denied that there are common questions of law and/or fact. Even if there were (which is denied), it is denied that any would predominate over individualized issues. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 104 is denied.

105. It is denied that Plaintiffs' purported claims are typical of the alleged putative class members they purport to represent. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 105 is denied.

106. It is denied that Plaintiffs are adequate representatives of the alleged putative class members they purport to represent. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 106 is denied.

107. It is denied that a class action would be superior to other available methods for the adjudication of this dispute. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 107 is denied.

108. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23(b)(2) of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 108 is denied.

109. It is denied that Plaintiffs' claims can properly be maintained as a class action, and it is denied that the requirements of Rule 23(c)(4) of the Federal Rules of Civil

Procedure can be met. To the extent any further response is required, Paragraph 109 is denied.

*First Alleged Cause of Action*

110. Labcorp incorporates by reference and re-alleges the responses to the foregoing paragraphs as if set forth in full herein.

111. It is admitted that Ms. Howard and Ms. Hernandez purport to bring a claim individually and on behalf of a purported class. It is denied that their claim can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 111 is denied. Except as expressly admitted herein, Paragraph 111 is denied.

112. Paragraph 112 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 112 is denied.

113. Paragraph 113 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 113 is denied.

114. Paragraph 114 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 114 is denied.

- 27 -

115. Paragraph 115 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 115 is denied.

116. Paragraph 116 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 116 is denied.

117. Paragraph 117 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 117 is denied.

118. Paragraph 118 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 118 is denied.

119. Paragraph 119 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 119 is denied.

120. Paragraph 120 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 120 is denied.

121. Paragraph 120 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 120 is denied.

122. Labcorp incorporates by reference and re-alleges the responses to the foregoing paragraphs as if set forth in full herein.

123. It is admitted that Ms. Reynolds purports to bring a claim individually and on behalf of a purported class. It is denied that her claim can properly be maintained as a class action, and it is denied that the requirements of Rule 23 of the Federal Rules of Civil Procedure can be met. To the extent any further response is required, Paragraph 123 is denied. Except as expressly admitted herein, Paragraph 123 is denied.

124. Paragraph 124 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 124 is denied.

125. Paragraph 125 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 125 is denied.

126. Paragraph 126 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 126 is denied.

127. Paragraph 127 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response. To the extent a response is required, Paragraph 127 is denied.

128.	Paragraph 128 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response.  To the extent a response is required, Paragraph 128 is denied.

129.	Paragraph 129 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response.  To the extent a response is required, Paragraph 129 is denied.

130.	Paragraph 130 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response.  To the extent a response is required, Paragraph 130 is denied.

131.	Paragraph 131 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response.  To the extent a response is required, Paragraph 131 is denied.

132.	Paragraph 132 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response.  To the extent a response is required, Paragraph 132 is denied.

133.	Paragraph 133 constitutes legal argument, purported conclusions of law, and/or Plaintiffs' characterizations of this action, which require no response.  To the extent a response is required, Paragraph 133 is denied.

134-140 ("*Prayer for Relief*").  Denied.  Neither Plaintiffs nor the putative classes are entitled to any relief from Labcorp.

\* \* \* \* \*

*To the extent any allegation to which a response is required has not been responded to herein, such allegation is denied.*

### FOURTH DEFENSE

The Amended Complaint fails to state, and Plaintiffs cannot show, facts or circumstances sufficient to certify a class action pursuant to Fed. R. Civ. P. 23. Among other things, Plaintiffs' claims are not typical of the putative class(es) they purport to represent, common questions of law and/or fact do not predominate, Plaintiffs are not adequate representatives, and/or the requirements of a class action are otherwise lacking, and accordingly, this action is not properly brought and/or cannot be maintained or certified as a class action.

### FIFTH DEFENSE

Labcorp specifically reserves all separate and/or affirmative defenses that it may have against any unnamed putative class member (including rights to enforce arbitration agreements, rights to enforce class action waivers, release, estoppel, waiver, ratification, laches, statutes of limitation, and statutes of repose, where applicable). It is not necessary at this time for Labcorp to delineate such defenses because no class has been certified and no unnamed putative class member is a party to the litigation. Labcorp expressly reserves any and all such defenses, claims, counterclaims, and rights against any unnamed putative class member.

- 31 -

## SIXTH DEFENSE

Plaintiffs' claims are barred for lack of standing. Plaintiffs have suffered no actual, concrete injury traceable to Labcorp's alleged conduct that is redressable through this action to support Article III standing.

## SEVENTH DEFENSE

Plaintiffs are not entitled to any relief because they have not asserted and cannot establish valid claims under either the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631, or the Pennsylvania Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. Cons. Stat. § 5701, *et seq*. For example, Plaintiffs cannot show that the "contents" of any alleged communications were "intercepted" (as either term is used under the statutes). As another example, Plaintiffs consented to any purported interception of their alleged communications. Labcorp informs users of the Website about, *inter alia*, it is use of certain website technologies and, further, both Meta and Alphabet/Google provide disclosures to their account holders. By way of further example, Labcorp lacks the requisite scienter, including specific intent and/or willfulness, necessary to establish a violation of CIPA or WESCA. Labcorp provides as a further defense that website technologies do not qualify as a "device" for purposes of the WESCA.

## EIGHTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because they cannot show that Labcorp had the requisite intent and/or willfulness. Indeed, at all times, Labcorp acted in good faith.

## NINTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they have entered into an agreement to arbitrate the matters raised in the Amended Complaint.

## TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they have entered into an agreement waiving any rights to assert claims against Labcorp as a member of a class action.

## ELEVENTH DEFENSE

To the extent Plaintiffs' claims rely, in whole or in part, on any guidance from the Department of Health and Human Services, this guidance is not entitled to deference because such guidance goes beyond the meaning that the statute can bear, and would only operate prospectively in any event.

## TWELFTH DEFENSE

Plaintiffs' claims fail, in whole or in part, because Plaintiffs consented (either expressly or impliedly) to the use of the alleged website technologies at issue in this case. Among other things, Labcorp informs Website visitors, such as Plaintiffs, of the use of website technologies; Plaintiffs were on notice of the terms and conditions of the Website, as well as the Website policies; and Plaintiffs consented to these terms and conditions and policies. In addition, upon information and belief, Alphabet/Google and Meta expressly disclosed to Plaintiffs how these technologies operate and required Plaintiffs' consent to their practices.

- 33 -

**THIRTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have filed suit against the wrong party. Among other things, the purported injuries Plaintiffs allege were caused, in whole or in part, by the conduct of third parties for whom Labcorp was not responsible. And, relatedly, Plaintiffs' claims are barred, in whole or in part, because Labcorp was not the proximate cause of Plaintiffs' alleged damages. In addition, there were superseding causes and/or actions conducted by Plaintiffs or third parties that were the legal or proximate cause of Plaintiffs' alleged injury.

**FOURTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, unclean hands, and acquiescence. Among other things, Plaintiffs have been on notice of the terms and conditions of the Website, as well as the Website policies, and consented to these terms and conditions and policies. Labcorp informs Website visitors of the use of such technologies. Also, upon information and belief, Alphabet/Google and Meta disclose how these technologies operate and required Plaintiffs' consent.

**FIFTEENTH DEFENSE**

Plaintiffs' claim are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek excessive statutory or punitive damages in violation of the Due Process Clause. Moreover,

- 34 -

the claims are barred because they seek to impose an excessive fine within the meaning of the Excessive Fines and Penalties Clause of the Eighth Amendment.

## SEVENTEENTH DEFENSE

To the extent any relief sought by Plaintiffs would be duplicative of relief sought by Plaintiffs in other lawsuits, subjecting Labcorp to the possibility of multiple recoveries, such recovery is barred by the Fifth and Eighth Amendments of the United States Constitution.

## EIGHTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the First and Fourteenth Amendments of the United States Constitution as Labcorp's alleged conduct amounts to protected speech.

## NINETEENTH DEFENSE

Plaintiffs are not entitled to equitable relief including injunctive relief because any alleged injury to Plaintiffs is not irreparable and Plaintiffs have an adequate remedy at law.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that any applicable statutes of limitations and/or contractual limitations have expired.

## FURTHER AND ADDITIONAL DEFENSES

Labcorp hereby gives notice that it intends to rely upon additional defenses, including affirmative defenses, that are now or may become available or appear during, or as a result of, the discovery proceedings in this action. Labcorp expressly reserves all rights

- 35 -

to amend or supplement this Answer and defenses and to assert any additional or alternative cross-claims, counterclaims, and third-party claims.

**WHEREFORE**, Labcorp prays for judgment in its favor and against Plaintiffs as follows:

1. That all claims be dismissed in their entirety and with prejudice;

2. That Plaintiffs take nothing from Labcorp;

3. That no class be certified;

4. That Labcorp be awarded its reasonable attorneys' fees and costs, including expert fees and expenses, to the fullest extent permitted under applicable law; and

5. For such other relief in favor of Labcorp as this Court deems just and proper.

This the 10th day of October, 2024.

/s/ Scott E. Bayzle
Scott E. Bayzle (N.C. Bar No. 33811)
Corri A. Hopkins (N.C. Bar No. 54856)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Phone: (919) 828-0564
Email: scottbayzle@parkerpoe.com
corrihopkins@parkerpoe.com

Allison Holt Ryan (*specially admitted*)
Adam A. Cooke (*specially admitted*)
Aidan J. Coleman (*specially admitted*)
HOGAN LOVELLS US LLP
555 13th Street NW
Washington, D.C. 20004
Phone: (202) 637-5600
Email: allison.holt-ryan@hoganlovells.com
adam.a.cooke@hoganlovells.com
aidan.coleman@hoganlovells.com

Vassiliki Iliadis
HOGAN LOVELLS US LLP
3 Embarcadero Center, Suite 1500
San Francisco, CA 94111
Email: vassi.iliadis@hoganlovells.com

*Attorneys for Defendants*

<h1 style="text-align:center"><u>CERTIFICATE OF SERVICE</u></h1>

I HEREBY CERTIFY that on October 10, 2024, the foregoing was electronically

filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to all counsel or parties of record addressed to the following:

Brian Levin
Kathryn Jessica Johnson
Levin Law P.A.
2665 S. Bayshore Drive, Ste Ph2b
Miami, FL 33133
Email: brian@levinlawpa.com
      kaki@levinlawpa.com

Daniel C. Lyon
Elliot Morgan Parsonage, PLLC
300 E. Kingston Avenue, Suite 200
Charlotte, NC 28203
Email: dlyon@emplawfirm.com

Douglas Ian Cuthbertson
Margaret J. Mattes
Lieff Cabraser Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Email: dcuthbertson@lchb.com
      mmattes@lchb.com

Matthew Ryan Wilson
Michael Joseph Boyle, Jr.
Meyer Wilson Co., LPA
305 W Nationwide Blvd
Columbus, OH 43215
Email: mwilson@meyerwilson.com
      mboyle@meyerwilson.com

- 38 -

Michael K. Sheen
Michael W. Sobol
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery St., 29th Floor
San Francisco, CA 94111
Email: msheen@lchp.com
        msobol@lchb.com

/s/ Scott E. Bayzle

Scott E. Bayzle (N.C. Bar No. 33811)
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina 27601
Phone: (919) 828-0564
Email: scottbayzle@parkerpoe.com