IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CONNIE HOWARD, YADIRA YAZMIN HERNANDEZ, and DEBORAH REYNOLDS,<br><br>Plaintiffs,<br><br>v.<br><br>LABORATORY CORPORATION OF AMERICA, and LABORATORY CORPORATION OF AMERICA HOLDINGS,<br><br>Defendants. | ) | 1:23-cv-758 |

**ORDER**

This matter is before the court upon Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 149.) Plaintiffs Connie Howard, Yadira Yazmin Hernandez, and Deborah Reynolds ("Plaintiffs"), individually, and on behalf of the proposed Settlement Class, and Defendants Laboratory Corporation of America and Laboratory Corporation of America Holdings (collectively, "Labcorp") have entered into a Class Action Settlement Agreement and Release, dated April 2, 2026 ("Settlement" or "Settlement Agreement") that, if approved, would settle the above-captioned litigation.[1] Having considered

[1] Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement Agreement.

the Motion, the Settlement Agreement, all exhibits and other evidence submitted in support thereof, the record in this matter, and the briefs and arguments of counsel, this court finds the motion should be granted.

**IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, (Doc. 149), is **GRANTED** as follows:

## I. Class Certification for Purposes of Settlement

Pursuant to Federal Rule of Civil Procedure 23, the court preliminarily certifies, for settlement purposes only, the Settlement Class. The Settlement Class means the following Settlement Classes, as defined immediately below and pursuant to Paragraph 1.15 of the Settlement Agreement:

- **California Settlement Class:** All persons in California who conducted Search Queries on Labcorp's Website from May 1, 2021 to the date of the Settlement Agreement.
- **Pennsylvania Settlement Class:** All persons in Pennsylvania who conducted Search Queries on Labcorp's Website from May 1, 2021 to the date of the Settlement Agreement.

Excluded from the Settlement Class are Labcorp, its current employees, officers, directors, legal representatives, heirs, successors and wholly or partly owned subsidiaries or affiliated

companies; the undersigned counsel for Plaintiffs and their employees; and the judge and court staff to whom this Action is assigned.

Based on the submissions of the parties, and for settlement purposes only, the Court makes the following preliminary findings under Federal Rules of Civil Procedure 23(a) and (b)(2):

(a) Members of the Settlement Class are so numerous that joinder of all members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion;

(b) There are questions of law and fact common to Settlement Class Members;

(c) Plaintiffs who seek to represent the Settlement Class have claims that are typical of the claims of the Settlement Class that they seek to represent;

(d) Plaintiffs who seek to represent the Settlement Class fairly and adequately represent the interests of the Settlement Class;

(e) Plaintiffs and Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions such as this one; and

(f) Labcorp has acted on grounds that apply to the respective Settlement Class defined in the Settlement, so that final injunctive relief through the Settlement is appropriate respecting the Settlement Class as a whole.

Accordingly, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), the Court preliminarily certifies the Settlement Class for settlement purposes and without prejudice to the parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect. The Court preliminarily appoints Plaintiffs Connie Howard and Yadira Yazmin Hernandez as Settlement Class Representatives for the California Settlement Class, and Plaintiff Deborah Reynolds as Settlement Class Representative for the Pennsylvania Settlement Class. Further, the Court appoints Douglas I. Cuthbertson of the law firm of Lieff Cabraser Heimann & Bernstein, LLP, Matthew R. Wilson of the law firm of Meyer Wilson Werning Co., LPA, and Brian Levin of the law firm Levin Law, P.A. as Settlement Class Counsel.

## II. **Preliminary Approval of the Settlement**

A district court may approve a proposed settlement if it is determined to be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Preliminary approval should only be granted where

the parties "show[] that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)." Fed. R. Civ. P. 23(e)(1)(B). "Preliminary approval of a class action settlement should be granted when the preliminary approval of the proposed settlement does not disclose grounds to doubt its fairness or other obvious deficiencies such as duly preferential treatment of class representatives or of segments of the class or excessive compensation for attorneys and appears to fall within the range of possible approval." Temp. Servs. v. Am. Int'l Grp., No. 3:08-cv-00271-JFA, 2012 U.S. Dist. LEXIS 86474, at *17 (D.S.C. June 22, 2012); see also Clark v. Duke Univ., 2019 U.S. Dist. LEXIS 115918, at **3-4 (M.D.N.C. Jan. 29, 2019) (indicating that preliminary review determines whether the settlement is in the range of possible approval). Notably, a preliminary approval analysis is not the same as a full fairness analysis; the former only inquires into whether there is "probable cause" to hold a final hearing on fairness. See Olvera-Morales v. Int'l Labor Mgmt. Corp., 2008 U.S. Dist. LEXIS 134636, at **3-4 (M.D.N.C. Oct. 10, 2008) (citing In re Mid-Atl. Toyota Antitrust Litig., 564 F. Supp. 1379, 1384 (D. Md. 1983)). And while the trial court must make a preliminary determination of fairness, there is a strong judicial policy that favors settlements, particularly where class action litigation is

concerned. See Stark v. Blue Cross and Blue Shield of N.C., No. 1:23-cv-22, 2025 U.S. Dist. LEXIS 29654, at *15 (M.D.N.C. Feb. 18, 2025) (citing In re PaineWebber Ltd. P'ships Litig., 147 F.3d 132, 138 (2d. Cir. 1998)).

Under the Settlement Agreement, Labcorp represents and warrants that it has completed a review of its Website to identify whether the Tracking Technologies are active and/or enabled on the Website, and concluded that, to Labcorp's knowledge, none of them are active or enabled as of the date of execution of the Settlement Agreement. In addition, Labcorp agrees to the following injunctive relief:

(1) For a period of not less than two (2) years following the Effective Date, Labcorp shall not use or enable any of the Tracking Technologies on the Website.

(2) Except for any Exempt Technology (as defined in paragraph 1.20 of the Settlement Agreement), for a period of not less than two (2) years following the Effective Date, Labcorp shall not use technology on the Website that to Labcorp's knowledge transmits the contents of Search Queries entered into the Website to third parties.

(3) For a period of not less than two (2) years following the Effective Date, Labcorp shall conduct an annual

review of the Website to assess compliance with provisions (1) and (2) above. Following each annual review, Labcorp shall prepare a report of findings respecting its compliance with the provisions (1) and (2) above and provide such report to Settlement Class Counsel.

(4) For a period of not less than two (2) years following the Effective Date, Labcorp shall create and/or maintain a written policy regarding the appropriate use of externally developed tracking technologies on the Website and provide a copy of that policy to Settlement Class Counsel on an annual basis or following any material revisions to such policy.

(5) For a period of not less than two (2) years following the Effective Date, Labcorp shall designate a senior employee to oversee compliance with provisions (1)-(4) above.

Labcorp has also agreed that Plaintiffs may seek from the Court an injunction to enforce the terms of the Settlement, including Labcorp's Representations and Warranties therein. The Release for any Released Claims does not include any claims for damages or other monetary relief, except for the Plaintiffs who, solely on behalf of themselves, individually, fully, and

completely release any and all of their claims for damages and other monetary relief of any nature whatsoever.

The Court hereby finds that it is likely to approve the proposed Settlement under the relevant factors for final approval. The Court has reviewed the terms of the Settlement, including the injunctive relief provided to the Settlement Class, Labcorp's representations and warranties, the release of claims, and Plaintiffs' motion papers. Based on its review and its familiarity with the Action, the Court finds and preliminarily finds that the Settlement is the result of good-faith, prolonged, serious, informed, and non-collusive arms'-length negotiations after Settlement Class Counsel had investigated Plaintiffs' claims and become familiar with their strengths and weaknesses, including through third party discovery, consultation with consulting experts, and two mediations conducted by an experienced mediator, Hunter Hughes, Esq., of Hunter ADR. The Settlement will also avoid substantial additional costs to all parties, as well as avoid the delay and risks presented by further prosecution of issues during pre-trial, trial, and possible appeal proceedings.

Based on all these factors, the Court concludes that the Settlement appears to be fair, reasonable, and adequate, such that notice to the Settlement Class is appropriate and warranted.

Accordingly, the Court **GRANTS** preliminary approval of the Settlement Agreement and all of the terms and conditions therein.

## **III. Notice**

**1.1** "For any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). The parties here agreed to a notice program calculated to inform the public about the terms of the Settlement. The Court approves, as to form and content, the proposed notice program, which is designed to reach the members of the Settlement Class and inform them about the Settlement, including through a Settlement Website. The Court finds that the proposed notice plan will provide notice in a reasonable manner and that it satisfies applicable guidance concerning the form and content of class notice.

Within ten (10) business days following the entry of this Order, the Settlement Administrator ("Epiq"), shall begin to implement the agreed upon notice plan and disseminate notice to the Settlement Class. As part of the Final Approval Motion,

Plaintiffs shall submit declarations to the Court confirming compliance with the notice provisions set forth above.

## IV. Final Approval Hearing and Stay

The Court hereby schedules a hearing (the "Final Approval Hearing") to determine whether to grant final approval of the Settlement as well as to rule on Settlement Class Counsel's motion for an award of reasonable attorneys' fees, costs and expenses ("Attorneys' Fees Motion"). The Final Approval Hearing shall be held before this court on December 14, 2026 at 10:00 a.m. in Greensboro, Courtroom 1. The date of the Final Approval Hearing may be changed without further notice to the Settlement Class. The Settlement Website shall be promptly updated with information about any such change. Pending the Final Approval Hearing, all proceedings in this Action shall be stayed, other than proceedings necessary to effectuate the settlement approval process, consistent with this Court's previous order, (Doc. 145).

## V. Objections

Any Settlement Class Member may comment on or object to any aspect of the proposed Settlement or the associated Attorneys' Fees Motion, either on his or her own or through an attorney hired at his or her expense, by following the procedures set forth herein. These procedures and requirements are intended to

ensure the efficient administration of justice and the orderly presentation of any Settlement Class Member's objection to the Settlement.

Any Settlement Class Member who wishes to comment on or object to the Settlement or Attorneys' Fees Motion must do so in writing. To be considered, any comment on or objection to the Settlement or Attorneys' Fees Motion must be mailed, postmarked no later than the Objection Deadline set forth below, to the Court at the following address: Clerk, U.S. District Court, Middle District of North Carolina, 324 W. Market Street, Greensboro, NC 27401. It must also include the following information:

(a) the case name and number (Howard v. Laboratory Corp of America, Case No. 1:23-cv-758);

(b) the name, mailing address, e-mail address, and signature of the Settlement Class Member and, if represented by counsel, of his or her counsel;

(c) the specific aspect of the Settlement or Attorneys' Fees Motion to which the Settlement Class Member objects or wishes to comment upon, along with any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce;

and

(d) a statement of membership in the Settlement Class that clearly identifies that she or he conducted a Search Query on Labcorp's Website during the relevant period and the state in which the Settlement Class Member resided and/or was located when she or he conducted the Search Query.

Settlement Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing in person or by counsel and be heard, either in support of or in opposition to the matters to be considered at the hearing. Any Settlement Class Member who wishes to appear at the Final Approval Hearing must submit a Notice of Intention to Appear along with their written comment or objection. If a Settlement Class Member intends to appear at the Final Approval Hearing through counsel, the Notice of Intention to Appear must also identify all attorneys who will appear at the Final Approval Hearing.

Any Settlement Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Settlement Class Member who fails to object in the manner prescribed by this

Order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown. The Court will only require substantial compliance with the requirements for submitting an objection.

## VI. Scheduling Order

The following table summarizes all relevant dates and deadlines set forth in this Order:

| Date | Event |
|---|---|
| No later than ten (10) business days following entry of this Order | Notice shall be posted on the settlement website, along with all relevant Court orders and documents. |
| No later than 30 calendar days before the Final Approval Hearing | Deadline to file Final Approval Motion and Attorneys' Fees Motion |
| No later than 21 calendar days before the Final Approval Hearing | Objection Deadline |
| No later than 14 calendar days before the Final Approval Hearing | Deadline to respond to Objections |
| Final Approval Hearing (at least 100 days after the date of this motion, *see* 28 U.S.C. § 1715(d)), or on a date thereafter at the Court's convenience | Final Approval Hearing set:<br><br>December 14, 2026 at 10:00 a.m. |

Upon application of the parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court without further notice to the Settlement Class. Settlement Class Members are advised to check the Settlement Website regularly for updates and further details regarding extensions of these deadlines.

## VII. **Other Provisions**

In the event the Court does not enter a Final Approval Order, or for any reason the Effective Date does not occur as contemplated by the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then (a) the Settlement and all orders and findings entered in connection with the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding; (b) this matter will revert to the status that existed before execution of the Settlement Agreement; and (c) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations, or documentation (including briefing) shall be (i) admissible in evidence for any purpose in this Action or any other proceeding, or (ii) deemed an admission or concession regarding the validity of any Released Claims, any allegation in this Action, or the propriety of certification of any class.

In addition, this Order and the Settlement shall not be construed or used as an admission, concession, or declaration by or against the Released Parties of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any

admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

Settlement Class Counsel and Labcorp's Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement, including making, without further approval of the Court, minor corrections or non-substantive changes to the form or content of the notice that they jointly agree is reasonable or necessary.

**IT IS FURTHER ORDERED** that the Final Approval Hearing shall be held before this court on Monday, December 14, 2026 at 10:00 a.m. in Greensboro, Courtroom 1.

**IT IS FURTHER ORDERED** that all proceedings in this action are **STAYED,** other than proceedings contemplated and authorized by this order as necessary to effectuate the settlement approval process, unless otherwise ordered by the court.

**IT IS SO ORDERED.**

This the 21st day of August, 2026.

William L. Osteen, Jr.
United States District Judge